W. M. MILLS v. BLANCHE HOGAN HARKIN *et al.*

No. 15,156.   (91 Pac. 1132.)

Error from Miami district court; WINFIELD H. SHELDON, judge. Opinion filed July 5, 1907. Affirmed.

*Frank M. Sheridan,* and *L. S. Harvey,* for plaintiff in error.

*Sheldon & Simpson,* for defendants in error.

*Per Curiam:* This suit was brought by Blanche Hogan Harkin to set aside and cancel an oil-and-gas lease executed by Thomas Hogan, her father, to W. M. Mills. The title to the land was in the daughter, to whom the parents had conveyed it when she was an infant eighteen months old. The conveyance was recorded when it was executed, and the lessee had constructive notice that the grantor of the lease had no title to the land. Believing, however, that Thomas Hogan was the owner, Mills expended $500 in developing oil and gas, and thereby increased the value of the land to double what it was.

The daughter may have known all about the lease. There were some circumstances in proof tending to show that she did. But the court made special findings of fact covering every disputed point in the case, setting aside the finding of the jury, to whom certain issues of fact had been submitted merely to aid the court; and the court's findings are that the conveyance to the daughter was in good faith for value, that the deed was placed on record and afterward delivered to the daughter, and that the daughter had possession of the land at the time the lease was executed and had no knowledge or notice of the lease. These findings cannot be disturbed on the ground that in the opinion of plaintiff in error they are against the weight of the evidence or that the evidence is not sufficient to support each and all of them.

There were two jury trials, and the court set aside the special findings at the first and granted a new trial. It was, therefore, wholly unnecessary and uncalled for to encumber the record in this case with the proceedings of the first trial and to assign as error rulings of the court thereon, or, in commenting upon the evidence, to quote from the evidence at the first trial because the first trial was set aside. This practice is condemned, as well as the practice indulged in here of making unnecessary and useless assignments of error. There are twenty-nine separate errors assigned. Two relate to errors occurring at the first trial, thirteen relate to the giving or refusal to give instructions, and are argued at length in the brief, although the court set aside all the findings of the jury. Ten of the others relate to rulings upon the admission ·of evidence, and none is well taken. The questions asked were not proper cross-examination. Many of them were afterward asked of, and answered by, the same witness when placed upon the stand by the defendant. The other errors are predicated upon the refusal to set aside the findings made by the court, and the denial of a motion for a new trial.

No errors being found in the record, the judgment is affirmed.